UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

PIETRO TERRELL,

                Petitioner,                  Case No. 1:18-cv-469

v.                                      Honorable Gordon J. Quist

NOAH NAGY,

                Respondent.

_____/

## ORDER OF TRANSFER
## TO SIXTH CIRCUIT COURT OF APPEALS

The instant action is titled a petition for writ of error coram nobis. Writs of coram nobis were abolished in civil actions such as this one by Fed. R. Civ. P. 60(e). *See United States v. Beggerly*, 524 U.S. 38, 45 (1998) (citing Fed. R. Civ. P. 60(e)). Where a prisoner is challenging the very fact or duration of his physical imprisonment and the relief that he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). The Court therefore construes Petitioner's action as one seeking a writ habeas corpus under 28 U.S.C. § 2254.

Petitioner Pietro Terrell presently is incarcerated with the Michigan Department of Corrections at the Lakeland Correctional Facility (LCF) in Coldwater, Branch County, Michigan. Following a jury trial in the Kent County Circuit Court, Petitioner was convicted of first-degree felony murder, Mich. Comp. Laws § 750.316b. On July 2, 2002, the court sentenced Petitioner to life imprisonment.

This is not Petitioner's first attempt to seek habeas relief from the conviction and sentence described above. *See Terrell v. Howes*, No. 1:08-cv-179 (W.D. Mich.). On August 24, 2016, the district court adopted the report and recommendation of the magistrate judge and dismissed the petition for failure to raise a meritorious federal claim, with the exception of Ground III of the petition, which was dismissed without prejudice as unexhausted. (No. 1:08-cv-179, ECF Nos. 91-92, PageID.1666-1669.) The Court also denied a certificate of appealability. (*Id.*)

Petitioner appealed to the Sixth Circuit. On March 24, 2017, the court of appeals denied Petitioner a certificate of appealability. (No. 1:08-cv-179, ECF No. 98, PageID.1721-1723.) Petitioner sought rehearing and rehearing en banc, which the Sixth Circuit denied on June 30, 2017. Petitioner then filed a petition for writ of certiorari to the United State Supreme Court. The Supreme Court denied the petition on December 14, 2017. (No. 1:08-cv-179, ECF No. 100, PageID.1726.) Petitioner filed the instant habeas petition on April 20, 2018.

Because Petitioner's previous habeas action was filed after the enactment of the Antiterrorism and Effective Death Penalty Act, Pub. L. 104-132, 110 Stat. 1214 (AEDPA), his current petition is subject to the "second or successive" provision set forth in 28 U.S.C. § 2244(b). *See Cress v. Palmer*, 484 F.3d 844, 852 (6th Cir. 2007). Before a second or successive application is filed in the district court, the applicant must move in the court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A); *see also Tyler v. Cain*, 533 U.S. 656, 661 n.3 (2001) (circuit court may authorize the petition upon a *prima facie* showing that the claim satisfies § 2244(b)(2); to survive dismissal in the district court, the application must actually show the statutory standard). A successive petition raises grounds identical to those raised and rejected in a prior petition. *Kuhlmann v. Wilson*, 477 U.S. 436, 444 n.6 (1986) (plurality) (citing *Sanders v. United States*, 373 U.S. 1, 15-17 (1963)); *Lonberger v. Marshall*, 808 F.2d 1169,

1173 (6th Cir. 1987). A second petition is one which alleges new and different grounds for relief after a first petition was denied. *McCleskey v. Zant*, 499 U.S. 467, 470 (1991); *see also Burger v. Zant*, 984 F.2d 1129, 1132-33 (11th Cir. 1993) (distinguishing second petitions and successive petitions).

A prior dismissal with prejudice has a preclusive effect under § 2244, though a prior dismissal without prejudice does not. *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998). Both dismissals on the merits and certain types of decisions reached before a merits determination are dismissals with prejudice that have a preclusive effect. *Carlson v. Pitcher*, 137 F.3d 416, 419 (6th Cir. 1997) (citing *Benton v. Washington*, 106 F.3d 162, 164 (7th Cir. 1996)). For example, a dismissal with prejudice based on procedural default is "on the merits" and, thus, a subsequent habeas application would be second or successive. *In re Cook*, 215 F.3d 606, 608 (6th Cir. 2000). Similarly, a dismissal on the basis of the statute of limitations is a decision on the merits, rendering a subsequent application second or successive. *See Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005) ("We hold that dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)."). Petitioner's previous habeas action was dismissed on the merits; thus, the instant petition is second or successive. The appropriate disposition is a transfer of the case to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Accordingly,

**IT IS ORDERED** that this application for habeas relief is transferred to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.

Dated:   May 2, 2018                    /s/ Ray Kent
                                        Ray Kent
                                        United States Magistrate Judge

3